**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK, | |
| Plaintiff, | Case No. 25-cv-827 (JMC) |
| v. | consolidated with |
| FOOD AND DRUG ADMINISTRATION, *et al.*, | Case No. 25-cv-828 (JMC) |
| Defendants. | |

**ORDER**

It is hereby **ORDERED** that this matter shall be **STAYED** for approximately seven months until and including November 6, 2026. It is further **ORDERED** that the Parties shall file a joint status report on or before November 6, 2026, stating their positions on whether the stay should be lifted and, if so, proposing a schedule for further proceedings. If circumstances change while the case is stayed that warrant lifting the stay or otherwise affect the posture of this case, the Parties may file a joint status report.

FOIA provides that agencies shall make requested records "promptly available," 5 U.S.C. § 552(a)(3)(A), but "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records," *id.* § 552(a)(6)(C)(i). An agency may obtain a stay of proceedings if it "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it 'is exercising due diligence' in processing the requests." *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976). Here, the

1

FDA has shown both exceptional circumstances and due diligence justifying an *Open America* stay.

The FDA has shown that it is subject to extraordinary circumstances as a result of *PHPMT II*'s October 1, 2026, production deadline. ECF 19 at 9 (noting that the agency is required to produce approximately 9.1 million pages by October 1, 2026); *ICAN v. FDA*, No. 25-cv-826, 2026 WL 799634, at *1 (D.D.C. Mar. 23, 2026) (noting that courts "have found that the workload imposed on CBER by the *PHMPT* orders" constitutes exceptional circumstances). The Court also finds that the FDA has exercised due diligence. As other courts in this district have recognized, "FOIA requests that seek documents maintained by the CBER are placed into one of six 'queues' based on their volume, complexity, or subject matter, and requests in each queue are generally processed in the order submitted." *ICAN*, 2026 WL 799634, at *2. "The evidence that Plaintiff points to regarding the FDA's overall FOIA statistics does not show that the CBER," the relevant department at issue, "is reviewing requests within the same track out of order." *Id.* Accordingly, this Court will join others in finding that the FDA's "consistent FOIA policies and targeted hiring in response to exceptional demands are sufficient to demonstrate due diligence." *Id.* The Court also **DENIES** Plaintiff's request for discovery on the agency's multitrack process because such discovery would simply heighten the burdens on the agency, forcing the agency to expend resources to reconstruct the state of a queue from nearly three years ago. In the absence of evidence of bad faith, the Court will not require the agency to further disclose its internal processes at this time.

The Court therefore finds it appropriate to impose a seven-month stay, allowing the Parties to confer after the *PHPMT* production concludes and inform the Court of what processing remains for Plaintiff's request. The Court notes that the agency has requested a ten-month stay, ECF 19 at

13, but finds it appropriate for the Parties to update the Court as soon as possible after the agency assesses its post-*PHPMT* workload. The Court therefore stays this case only until November 6, 2026, subject to further consideration with the benefit of new information following that date.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 10, 2026